UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA BELLONE, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>       Defendant. | Case No. 21-cv-09617-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**<br><br>Re: Dkt. No. 14 |

Pending before the Court is Defendant's motion to dismiss or stay, briefing for which is complete. *See* Dkt. Nos. 14, 18, 20. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion and **STAYS** the case.

I.   **BACKGROUND**

Plaintiffs allege that they are former hourly, non-exempt employees of Defendant First Transit, Inc. Dkt. No. 3-1, Ex. A in Support of Removal ("FAC") ¶¶ 16-17. Plaintiffs filed this action on September 15, 2021 in state court on behalf of themselves and "all persons who are or were employed by the Defendants as hourly paid, non-exempt employees in the State of California at any time prior to the filing of this action [as tolled by Emergency Rule 9] through resolution or trial of the matter." *Id.* ¶ 50.[1] Plaintiffs allege that "Defendants implemented uniform policies and practices that deprived Plaintiffs and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks;

---

[1] The case was removed to this Court on December 13, 2021.

reimbursement for necessary expenses; and timely payment of wages." *Id.* ¶ 2. Plaintiffs allege causes of action for (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages owed upon separation from employment; (7) failure to reimburse necessary expenses; (8) knowing and intentional failure to comply with itemized wage statement provisions; and (9) violation of the unfair competition law, California Business & Professions Code § 17200, *et seq. See generally* FAC.

At the time Plaintiffs filed their case, two other cases with similar allegations were pending in the Central District of California.[2] *Cuellar v. First Transit, Inc.*, Case No. 8:20−cv−01075−JWH−JDE ("*Cuellar*"), was filed on January 17, 2020 and is a proposed class action on behalf of "[a]ll of Defendant's current and former hourly drivers who worked for Defendant in California, during the four years before the filing of the Complaint through the time of class certification," with various subclasses. *Cuellar*, Dkt. No. 13 ¶ 26. The plaintiffs in *Cuellar* allege causes of action for (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay wages; (4) failure to timely pay wages at termination/separation; (5) failure to provide accurate wage statements; (6) unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*; and (7) for penalties pursuant to PAGA. *See generally Cuellar*, Dkt. No. 13.[3] A review of the case's docket shows that a notice of settlement was filed on August 15, 2022, the parties anticipate filing a motion for preliminary approval within 60 days of that date, and the court set a status conference for October 28, 2022. *Cuellar*, Dkt. Nos. 31, 32.

The second case, *Azimihashemi v. First Transit, Inc., et al.*, Case No. 8:21-cv-00780-JWH-JDE ("*Azimihashemi*"), was filed on February 24, 2021. *See Azimihashemi*, Dkt. No. 1.[4] It is also

---

[2] A third case bringing similar allegations, *Silva v. First Transit, Inc.*, Case No. 4:20-cv-02285-JSW ("*Silva*"), was partially dismissed on March 1, 2021 under the first-to-file rule. *Silva*, Dkt. No. 37. The plaintiffs in *Silva* were allowed to proceed on behalf of current and former paratransit drivers assigned to a split-shift schedule. *See Silva*, Dkt. Nos. 50, 52.

[3] While originally filed in state court, the *Cuellar* action was removed to federal court on June 15, 2020. *Cuellar*, Dkt. No. 1.

[4] Also originally filed in state court, the *Azimihashemi* action was removed to federal court on April 26, 2021. *Azimihashemi*, Dkt. No. 1.

2

a proposed class action, and brings claims on behalf of two major subclasses. *See Azimihashemi*, Dkt. No. 34 ¶ 12. The most pertinent here is:

> SUBCLASS B: All current and former hourly-paid or non-exempt employees who worked for Defendants within the State of California at any time during the period from February 24, 2017 to final judgment and who reside in California who held positions that were not drivers, or persons who held job titles and performed job duties that were not similar to the job titles and job duties of drivers.

*Id.* On behalf of the "Non-Driver Subclass," the operative complaint alleges causes of action for (1) unpaid wages and overtime; (2) meal period violations and unpaid premium pay; (3) rest period violations and unpaid premium pay; (4) unpaid minimum wages and for liquidated damages; (5) failure to timely pay wages upon separation; (6) failure to timely pay wages during employment; (7) inaccurate wage statements; (8) unreimbursed expenses; and (9) unfair business practices in violation of California Business & Professions Code § 17200, *et seq*. *See generally Azimihashemi*, Dkt. No. 34. A review of the case's docket shows that motions for class certification are due on January 27, 2023, and a hearing on the motion is set for June 16, 2023. *Azimihashemi*, Dkt. No. 47.

## II. ANALYSIS

Defendant urges the Court to dismiss or stay this action under the first-to-file rule. Dkt. No. 14 at 5.[5] The first-to-file rule is a "generally recognized doctrine of federal comity," and "provides that where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citations omitted). The rule is intended to promote efficiency, and the Ninth Circuit has cautioned that it "should not be disregarded lightly." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "When applying the

---

[5] Defendant seeks judicial notice of six documents filed in other cases: the first amended complaint in *Cuellar* (Exhibit A); the complaint filed in *Silva* (Exhibit B); the March 21, 2021 order in *Silva* (Exhibit C); the original complaint in *Azimihashemi* (Exhibit D); the August 13, 2021 order in *Azimihashemi* (Exhibit E); and the second amended complaint in *Azimihashemi* (Exhibit F). Dkt. No. 14-2. The Court finds that the documents are publicly available and not subject to reasonable dispute, and **GRANTS** Defendant's request for judicial notice. *See* F.R.E. 201(b).

1    first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Id.* at

2    1240 (citation omitted).  The first-to-file rule requires analysis of three factors: chronology of the

3    lawsuits, similarity of the parties, and similarity of the issues.  *Id.*

### A. Chronology of the Lawsuits

The first factor, chronology of the lawsuits, favors applying the first-to-file rule.  Both the *Cuellar* and *Azimihashemi* actions were filed months before *Bellone*.  Plaintiffs argue that the *Cuellar* and *Azimihashemi* actions are not relevant to this case until a class is certified, but that claim conflicts with the first-to-file rule and Plaintiff cites no authority for it.  *Kohn*, 787 F.3d at 1240 ("Ordinarily, we start by analyzing which lawsuit was *filed* first." (emphasis added)); *see, e.g.*, *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (transferring a proposed class action based on the first-to-file rule where classes had not yet been certified in either case).[6]

### B. Similarity of the Parties

To avoid rewarding gamesmanship and consistent with its purpose, the first-to-file rule "does not require exact identity of the parties," and instead "requires only substantial similarity of parties."  *Kohn*, 787 F.3d at 1240.  Plaintiffs argue that because a class has not been certified in any case, the court should compare the individual parties.  *See* Dkt. No. 18 at 4-5; *see also, e.g.*, *Lac Anh Le v. Pricewaterhousecoopers LLP*, No. C-07-5476 MMC, 2008 WL 618938, at *1 (comparing individual parties instead of the not-yet-certified classes).  However, the majority of courts in this district compare the putative classes rather than the named plaintiffs, whether or not any class has been certified.  *See Scott v. Golden State FC, LLC*, No. 21-cv-02147-HSG, 2021 WL 2987264, at *2 (N.D. Cal. July 15, 2021) ("The Court follows the approach of comparing putative classes rather than named plaintiffs in applying the first-filed rule."); *Wallerstein*, 967 F. Supp. 2d at 1295 (noting that comparing the putative classes, even prior to certification, is "the more widely accepted rule" in the Northern District); *Pedro v. Millennium Products, Inc.*, No. 15-cv-05253-

United States District Court
Northern District of California

---

[6] Even if the Court did consider the progress of the other cases, the parties in *Cuellar* have filed a notice of settlement on behalf of the class and the parties in *Azimihashemi* are briefing a motion for class certification.  *See Cuellar*, Dkt. No. 31; *Azimihashemi*, Dkt. No. 47.  The other actions have advanced much farther than *Bellone*.

MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) (collecting cases). District courts within the Ninth Circuit have found that "proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696 YGR, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013) (citing *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010)).

Here, the class proposed in *Bellone* is subsumed by the combined classes proposed in *Cuellar* and *Azimihashemi*. *Cuellar* is brought on behalf of current and former hourly drivers; *Azimihashemi* Subclass B consists of current and former hourly-paid or non-exempt employees other than drivers; and *Bellone* proposes a class of "all persons who are or were employed . . . as hourly paid, non-exempt employees." *See* FAC ¶ 50; *Cuellar*, Dkt. No. 13 ¶ 26; *Azimihashemi*, Dkt. No. 34 ¶ 12. All the classes are limited geographically to the state of California and cover similar time periods—anyone who works or worked for Defendant at any point starting from four years prior to the filing of each action through trial. *See* FAC ¶ 50; *Cuellar*, Dkt. No. 13 ¶ 26; *Azimihashemi*, Dkt. No. 34 ¶ 12. *Cuellar* and *Azimihashemi* were filed before *Bellone*, so their four-year starting point is earlier, and none of the cases have gone to trial yet. The Court therefore finds that there is substantial similarity of parties.[7]

### C. Similarity of the Issues

For the first-to-file rule to apply, the issues in the cases do not need to "be identical, only substantially similar." *Kohn*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is 'substantial overlap' between the two suits." *Id.* at 1041 (citation omitted).

The three cases are based on the same underlying premise: Defendants violated state laws by failing to properly compute and pay wages, provide meal and rest breaks, issue correct wage

---

[7] In their opposition, Plaintiffs argue that they "have a right to have their complaints pursued by their counsel of choice and in a manner that they believe best addresses their claims." Dkt. No. 18 at 2; *see id.* at 6. However, Plaintiffs have brought *class* claims, and thus the appropriate analysis is a comparison of the proposed classes. As Defendant points out in its reply, to the extent Plaintiffs are truly concerned with pursuing their individual claims, nothing is stopping them from doing so by declining to pursue their plainly overlapping class claims. Dkt. No. 20 at 3.

statements, and pay money owed at the time of separation. All the causes of action in *Bellone* are also brought in *Cuellar* and *Azimihashemi*. Plaintiffs argue that they allege additional theories of liability compared to the earlier filed cases, specifically that Defendant failed to pay for time employees spent "on-call," that wage statements inaccurately state the hours worked, and that Defendant failed to pay some former employees at the time of termination. *See* Dkt. No. 18 at 8. Defendant argues that these allegations are subsumed within the causes of action being brought in *Cuellar* and *Azimihashemi*. *See* Dkt. No. 20 at 5. Regardless, the allegations in *Bellone* do not need to be identical to those in *Cuellar* and *Azimihashemi*, and the Court finds that there is substantial overlap between the suits. *See, e.g.*, *Schwartz v. Frito-Lay North Am.*, No. C-12-02740(EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims.").

### D.  **Dismissal or Stay**

Given the analysis of the factors above, the Court concludes that judicial economy, consistency, and comity warrant applying the first-to-file rule. Defendant argues that the claims should be dismissed, Dkt. No. 14 at 23, while Plaintiffs argue that the case should not be dismissed or stayed, and that at a minimum they should be given leave to amend, Dkt. No. 18 at 9. Because classes have not yet been certified in the other ongoing cases, the Court in its finds in its discretion that staying this case rather than dismissing for is appropriate.

### III.  **CONCLUSION**

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion, and orders the case **STAYED**. *See* Dkt. No. 14. The Court also **GRANTS** Defendant's request for judicial notice. *See* Dkt. No. 14-2.

//

//

//

//

//

6

1   The parties are directed to file a joint status report regarding the status of the *Cuellar* and
2   *Azimihashemi* actions 120 days from the date of this order and every 120 days thereafter unless
3   otherwise ordered.  The parties are also directed to jointly notify the Court within 48 hours of the
4   entry of judgment in either case.

5   **IT IS SO ORDERED.**

6   Dated:   9/16/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge